McCormack v. Molburg.

## McCormack v. Molburg.

1. **Contract**: NEGLIGENCE: ESTOPPEL. If one signs a written contract without acquainting himself with its contents, he is estopped by his own negligence to ask relief from his obligation, if his signature be procured without fraud or artifice.

*Appeal from Allamakee Circuit Court.*

THURSDAY, JUNE 15.

ACTION on a written contract, whereby defendant directed the plaintiffs to ship him a reaper, and for which he agreed to pay upon the terms and conditions alleged therein. The answer states that before signing the writing, defendant made "a verbal bargain with plaintiffs, by which plaintiffs were to furnish defendant a reaper of easy draft, one that defendant could use on his rough, uneven farm, with perfect ease with defendant's one pair of horses, and assured this defendant there had been a great improvement in said machine as to draft since the last year; and that defendant was to use said reaper the then coming harvest, and if said reaper was not as above recommended, then said plaintiffs were to take back said reaper, and either deliver defendant another reaper that would fulfill said recommendations or would release defendant from said contract.

"Defendant further states that said plaintiffs falsely and fraudulently pretended to reduce said verbal contract to writing as they falsely assured this defendant. The plaintiffs at the time knew the same were false, and then induced the said defendant to sign the same, knowing the same to be false, which is the contract set forth in plaintiffs' petition, this defendant believing at the time of signing the same that it fairly expressed and contained the said above described verbal contract. Defendant further says, that after signing said contract as aforesaid, he did receive a reaper from said plaintiffs, under the terms and conditions of, as he supposed, the verbal contract that had been reduced to writing by said plaintiffs

as aforesaid, and not otherwise. Defendant further says that said reaper was not an improvement of the McCormick reaper of the preceding year, but was in fact inferior thereto; that defendant could not use said reaper on his farm with two horses, but on the contrary was compelled to use three horses to propel the same. Defendant further says, that after he discovered the objections to said reaper, as above stated, he offered to return said reaper to said plaintiffs; that said reaper is not such a reaper as defendant contracted for, and for the defects above stated is worthless to this defendant."

To the answer plaintiffs demurred, which being sustained, defendant appeals.

*John T. Clark & Co.*, for appellant.

*H. H. Stilwell*, for appellee.

SEEVERS, CH. J.—In *Bell v. Byerson*, 11 Iowa, 233, it is said if the means of knowledge of the alleged fraud were equally open to both parties the law will not interfere to protect the negligent; and in *Rogers v. Place*, 29 Ind., 577, it is said, if no device is used to put him off his guard, a party who, having capacity to read an instrument, signs it without reading, places himself beyond legal relief. "If the truth or falsehood of the representation might have been tested by ordinary vigilance and attention, it is the party's own folly if he neglected to do so, and he is remediless." 2 Parsons on Contracts, 772; Kerr on Fraud and Mistake, 77. To the same effect is the late case of *Nebeker v. Cutsinger*, 48 Ind., 436. The defendant does not state that plaintiffs used any artifice to prevent him from reading the contract, nor does he state that he was unacquainted with the English language, or that he could not read. In fact no excuse whatever is given, except that he signed the contract relying on the representation of plaintiffs as to its contents. This is inexcusable neglect, and the defendant must suffer the consequences of his own folly. The effect of such a rule as that claimed by appellant would be to render written contracts of but little practical value over those existing in parol only. The authorities cited

by counsel for the appellant are not in point. In *Walker v. Ebert*, 29 Wis., 194, the defendant was a German by birth and education and unable to read the English language. With scarcely an exception, where the rule has apparently been recognized different from that herein established, some such exception will be found to exist, or some artifice used to obtain the signature of the party or to prevent him from reading the contract. None such exist in this case, and the judgment of the Circuit Court must be

AFFIRMED.