CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY CO.
v.
MARY H. LEWIS.

1. RELEASE—FRAUD—EVIDENCE.—Where appellant's defense to appellee's action for damages for injuries sustained in a railroad accident was a certain claimed settlement made on the morning after the injury, and a release of all causes of action signed by appellee at the same time, and the payment to her of $20 in full satisfaction, and appellee claimed that the receipt, while signed by her, was procured to be signed by means of fraud and circumvention practiced on her by the agents of appellant, who procured her signature by means of representing to her and inducing her to believe that the instrument was simply a receipt for expenses and loss of time, occasioned on account of her delay by reason of the accident, and that she signed the release under such belief, and the jury gave appellee a verdict for $5,000, and appellant claimed that the evidence was not sufficient to support appellee's claim of fraud. *Held*, that the verdict of the jury was supported by the evidence.

2. FRAUDULENT REPRESENTATIONS—ESTOPPEL.—Where false and fraudulent representations are made to a person in order to induce him to sign an instrument other than the one he supposed he was signing, and the party practicing such fraud afterward claims the benefit of the fraud, he can not be heard to say that the party defrauded might have protected himself from such imposition by greater precaution.

3. RETURN OF CONSIDERATION.—Where $20 was placed in appellee's hands in a fraudulent attempt to get a release, appellant would not be entitled to a return of such money, as a condition precedent to commencing the suit.

APPEAL from the Circuit Court of Peoria county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed July 27, 1883.

Mr. H. W. WELLS and Mr. THOS. F. WITHROW, for appellant; that the release given was a valid contract, cited 2 Blackstone's Commentaries, 446; Sturges v. Crowningshield, 4 Wheat. 197; Buchanan v. Intl. Bank, 78 Ill. 500; Birch v. Hubbard, 48 Ill. 164; Wadsworth v. Thompson, 3 Gilm. 423; Corkins v. Collins, 16 Mich. 478; Court U. S. Art. I. § 10; Fitzgerald v. Staples, 88 Ill. 236; Weaver v. Fries, 85 Ill. 356.

When by ordinary degree of precaution, the party might have ascertained for himself the truth or falsity of the state-

C., R. I. & P. R'y Co. v. Lewis.

ments complained of, they do not amount to fraud: Sims v. Klein, Breese, 234, 302; Dunbar v. Bonesteel, 3 Scam. 32; Tuck v. Downing, 76 Ill. 71; White v. Watkins, 23 Ill. 480; Rogers v. Place, 29 Ind. 580; Seeright v. Fletcher, 6 Blackf. 381; May v. Johnson, 3 Porter (Ind.), 449; Am. Ins. Co. v. McWhorter, 78 Ind. 137; Clodfelter v. Hulett, 72 Ind. 139; Graffenstein v. Epstein, 23 Kan. 446; Dibble v. N. Y. & Erie R'y, 25 Barb. 184; Curley v. Harris, 11 Allen (Mass.), 112; Am. Ins. Co. v. Crawford, 7 Bradwell, 29; Eagle Packet Co. v. Defries, 94 Ill. 598; Starr v. Bennett, 5 Hill, 305; Fulton v. Hood, 34 Pa. St. 371; Saunders v. Hatterman, 2 Ired. (N. C.) 32.

The evidence of fraud should be clear, precise and indubitable, otherwise it should be withdrawn from the jury: Stine v. Sherk, 1 W. & S. 195; Irwin v. Shoemaker, 8 W. & S. 75; Dean v. Fuller, 4 Wright, 474; Penn. R. R. Co. v. Shay, 82 Pa. St. 199; Kerr on Fraud and Mistake, 382; Ross v. Sutherland, 81 Ill. 275; Milk v. Moore, 39 Ill. 584; Stout v. Oliver, 40 Ill. 245; Blow v. Gage, 44 Ill. 217; Marksbury v. Taylor, 10 Bush. 523; Moore v. Turbeville, 2 Bibb (Ky.), 602; East St. L. P. & P. Co. v. Hightower, 9 Bradwell, 297; McCormick v. Mulberry, 43 Ia. 561.

An instruction that plaintiff had a lawful right to avoid an otherwise valid contract on the ground of her own drunkenness, without returning the money received by her upon the contract, was erroneous: Anderson v. White, 27 Ill. 257; Nichols v. Michael, 23 N. Y. 264; Webber v. Flora, 16 Mich. 40; Thayer v. Turner, 8 Mctc. 553; Foster v. Jared, 12 Ill. 457; Howe, etc. v. Rosine, 87 Ill. 105; Bachenau v. Horney, 11 Ill. 336.

Messrs. BARRERE & GRANT, for appellee; as to negligence, cited P. P. & J. R. R. Co. v. Reynolds, 88 Ill. 418.

The manner of obtaining the release and the effect to be given to it, is a question for the jury: C. R. I. & P. R'y Co. v. Doyle, 18 Kan. 58; Eagle Packet Co. v. Defries, 94 Ill. 599; I. C. R. R. Co. v. Welch, 52 Ill. 187.

As to when equity will take cognizance of cases in which

a party is deceived as to material things: Match v. Hunt, 38 Mich. 1; Huxley v. Rice, 40 Mich. 73; Story's Equity Jurisprudence, 236; Jones v. Emery, 40 N. H. 348.

If an assent to a contract, promising more than the assenter intended, is obtained by fraud, the contract is not valid for so much as he intended, but is wholly void: 1 Parsons on Contracts, 475.

Presumptive evidence of fraud will sometimes outweigh positive testimony; Halstead Law of Ev. 79, 136, 141.

As to instructions: Mullen v. Old Colony R. R. Co. 127 Mass. 86.

LACEY, P. J. This was a suit by appellee against appellant for damages arising from injuries received by her on account of the passing cars of appellant running off the track of its railroad near Prairie City between Des Moines and Keokuk in the State of Iowa, the appellee alleging negligence on the part of appellant in not keeping its railroad track in good repair by means of which the cars were thrown off and she injured.

The injury occurred in March, 1881. The appellant was an unmarried woman of the age of twenty-nine years and made her living by doing general housework, and resided at the time of the injury and still resides in Canton, Fulton county, Illinois. Her arm and shoulder were so badly injured that she had entirely lost the use of her arm and could do no more housework. The injury was permanent. The judgment was for $5,000, the amount of the verdict less $20 remitted. There is no complaint made that the evidence will not support the verdict on the question of negligence on the part of appellant or the amount of the verdict.

But appellant bases its defense upon a certain claimed settlement made on the morning after the injury at the hotel in Keokuk and a release of all causes of action signed by the appellee at the same time and the payment to her of $20 in full satisfaction. This release is as follows:

"For the consideration of twenty dollars ($20.00) received of the Chicago, Rock Island and Pacific Railroad company,

I hereby release and discharge said company from all claims and demands against it, and especially from all liability for loss or damage to me by reason of an injury to head and shoulders occasioned by the overturning of a passenger coach about four miles west of Prairie City and which occurred on or about the first day of March A. D. 1881."

$20.00.                         Received payment, Keokuk, Ia.

                              MARY H. LEWIS. (L. S.)

KEOKUK, March 1, 1881.

The appellee claims that the receipt, while signed by her, was procured to be signed by means of fraud and circumvention practiced on her by the agents of the appellant who procured her signature by means of representing to her and inducing her to believe that the instrument was simply a receipt for expenses and loss of time occasioned on account of her delay by reason of the accident, and that she signed the release under such belief.

It is claimed by appellants that the evidence is not sufficient to support her claim of fraud, but after a careful examination of the facts and evidence in the case we have come to the conclusion that the verdict of the jury was supported by the evidence, in other words, we do not feel at liberty to disturb the verdict on account of the want of evidence to support it. We do not deem it necessary to review the evidence in detail, and will not do so further than to see what bearing it had or may have had on some of appellee's instructions given by the court and complained of by appellant. The fourth and fifth of appellee's instructions are particularly complained of for the reason that there was, as appellant claims, no evidence to support them, and for the reason that the fourth authorized the appellee to be released if she believed from the representations and acts of appellant's agents that she was only signing a receipt of expenses, irrespective of whether there were any grounds for such belief, and irrespective as to whether she took reasonable precaution to protect herself from imposition, by reading the instrument. The instructions are as follows:

4.  "The court instructs the jury that if they believe from

all the evidence in the case that the release offered in evidence by the defendant was obtained from the plaintiff by representations or acts of the agents of the defendant, which induced in her mind the belief that it was only a receipt for money paid her at the time as compensation to her for lost time and expense incident to the delay, resulting from an accident to the train on which she was traveling, and not a discharge of the defendant from the claim which she had or might have against it on account of her said injuries, then it is not a bar to this suit, and the jury have a right to disregard it."

5. "If the jury believe from the evidence that the plaintiff was induced by the agents of the defendant to sign the writing offered in evidence by the fraud and circumvention of said defendant's agents, then said writing is void as against said plaintiff."

We do not think the objections are well taken. There was evidence tending to show the truth ·of the hypothesis contained in the instructions, and in regard to the precautions that appellee should be required to use to prevent imposition upon her by the fraud, supposed by the instructions, we do not think the law quoted from the cases of the Penn. R. R. Co. v. Shay, 82 Pa. St. 199; and McCormick v. Mulberry, 43 Ia. 561, is recognized to be the law applicable to a case like. this in this State. We understand it to be the law in this State and in other States that in a case like the one supposed, where false and fraudulent representations are made to a person in order to induce him to sign an instrument other than the one he supposed he was signing, and such fraudulent party afterward claims the benefit of the fraud; that it does not lie in his mouth to claim that the party defrauded might have protected himself from such imposition by greater precaution. Such a rule greatly shocks the moral sense, and we do not think that any consideration of public policy requires it to be established here. Anderson v. Field, 6 Bradwell, 307; 312; Butler v. Regents, 32 Wis. 122; Schultz v. The Chicago & Northwestern R'y Co. 44 Wis. 645; Eagle Packet Co. v. Defries, 94 Ill. 599; Ill. Cent. R. R. Co. v. Welch, 52 Ill. 187;

Mulber v. The Old Colony R. R. Co. 127 Mass. 86; Linington v. Strong, Chicago Legal News, April 7, 1883, page 243.

In fact instruction No. 4 appears to be, in the respect complained of, taken almost literally from the language of the court in laying down the law in the Welsh case, *supra.*   And if it be claimed that the instruction No. 4 does not require, under the circumstances supposed by the instruction, that the misrepresentations should be fraudulent, we can see that from the very nature of the representations and acts if they were made they must necessarily have been fraudulent.

We think the jury could not have been misled by instruction No. 7 in regard to the appellee being under the influence of opiates and liquor taken to alleviate the pain.   While the evidence that she was so affected is not strong, yet there was evidence that she had been taking them the night before, and the jury had the evidence all before them and had a right to consider her condition—and whether she was in any degree under such influence.

Another point is made that appellee, if she wished to annul the contract of the release should have returned or offered to have returned the twenty dollars.   But that rule of law can not apply in a case like this where the contract was, as is claimed by appellee, never in fact executed.   The $20, if her theory be correct, was placed in her hands in a fraudulent attempt to get a release, and under such circumstances appellant would not be entitled to a return as a condition precedent to commencing the suit.   In other words, the rule does not govern " in cases where a party holds out that he gives the consideration for one thing and by fraud obtains an agreement for another thing."   This doctrine is fully held in Mullin v. The Old Colony R. R. Co. 127 Mass. R. 86.

The alleged release in this case was obtained for a very small amount of money to discharge so large a claim for damages.   It would be a small compensation for the permanent destruction of appellee's health and of her ability to ever earn her living in the way she had been accustomed.   This was a part of the facts in the case, and the jury no doubt considered it with all the other evidence as bearing on the ques-

tion of fraud. At the time the receipt and release was signed it could not be known what ultimate effect the wound would have upon appellee, yet it might have a serious effect, and the jury had the right to determine whether the consideration of all the evidence and under all the circumstances surrounding the case the appellee was imposed on as she claims. We see no error in appellee's instructions, and do not feel at liberty to disturb the verdict on the evidence.

The judgment is therefore affirmed.

Judgment affirmed.