## McKINNEY v. HERRICK.

1. **Contract:** LIGHTNING-RODS: FRAUD: ORAL REPRESENTATIONS MERGED IN WRITING: INSTANCE. All oral representations and inducements which precede or are contemporaneous with a written contract are merged therein, unless they amount to such fraud as avoids the contract. So, where the agent of a lightning-rod company stated to defendant that he was acquainted with the cost of lightning-rods, and that it would cost about thirty dollars to properly place rods on his buildings, but a written contract was entered into and signed by defendant for placing rods on his buildings at a certain price per foot, and the cost under the contract amounted to much more than thirty dollars, *held* that defendant was bound by the terms of the written contract.

2. ———: ———: ———: NEGLIGENCE IN SIGNING WRITING. Where one negligently signs a written contract without taking the precaution to read it or have it read, he is bound by its terms, and the courts can grant him no relief, if by such negligence he is defrauded.

*Appeal from Ida District Court.*

MONDAY, JUNE 8.

THE defendant pleaded an equitable defense, to which a demurrer was sustained, and he appeals.

*Robinson & Milchrist*, for appellant.

*Rollins & Bradshaw*, for appellee.

SEEVERS, J.—The plaintiff in his petition sought to recover on two written contracts, which, for the purposes of the case,

*1. CONTRACT: lightning-rods: fraud: oral representations merged in writing: instance.* may be regarded as containing the same provisions in every respect. The following is a copy of one of them:

"ESTABLISHED 1849. THE NORTH AMERICAN LIGHTNING-ROD Co. ORDER FOR ERECTION OF CONDUCTORS.

"It is agreed that, after the erection or delivery of rods, this order is negotiable.

"*Mr. L. Knight, Agt. for H. McKinney*—SIR: Erect (or deliver) at your earliest convenience, on my house, a system of circuit conductors (three points and two rods to the ground) of the Star lightning-rod, in a proper and substantial manner, in accordance with scientific rules, and I will pay for the same on completion of work in cash, or note due June 6, 1885, at the rate of $67\frac{1}{2}$ cents per foot for the rods, $3.50 for each point, and the price of five feet of rod for each galvanized brace, $7 for each horse, rooster, or points of compass, $5 for each arrow, and $3 for each ball.

"It is expressly understood by the signer of this order that he signs the same upon his own judgment, after due deliberation by him, without any undue influence having been used, or relying on representations made by any agents other than written or printed on this order. In case of default in settlement as indicated above, when this order is filled, I agree to pay the amount at Ida Grove, Iowa. No charge for guaranty. Discount, $9.58. To use three points, three balls, one arrow. ALPHA HERRICK."

"*Dated on June 6, 1884.*

The amount sought to be recovered is $199.64, with interest from the date of the contracts. The defendant sought to reform them on the ground that the true contract was not stated in the writings, and that they had been obtained by fraud and misrepresentation. But it was conceded that the

plaintiff was entitled to recover thirty dollars, and a tender was made for that amount. The answer is lengthy. We deem it unnecessary to set it out. Conceding that the true contract is stated in the answer,—and this for the purpose of the case must be done,—the defendant, by fraud and misrepresentation, was induced to enter into a contract whereby he bound himself to pay $199.64, when he supposed he was only obligating himself to pay thirty dollars.

The rule is well settled that all oral representations and inducements which precede or are contemporaneous with the written contract are merged therein, unless such representations amount, under well-established rules of law, to fraud, which has the effect to avoid the written contract. Such representations are material only for such purpose. It is not stated in the answer that any misrepresentation was made as to the contents of the writing. The statements in the answer amount only to this: that the agent of the plaintiff represented that he had knowledge and experience as to the cost of lightning-rods, the mode and manner of putting them on buildings, and the expense of so doing. But he made no representations as to the price per foot, or as to the quantity or number of feet that would be required, other or different from the statements contained in the written contract. The defend-ant did not know how many rods or feet would be required, and in this respect it is stated in the answer that the plaintiff's agent made fraudulent misrepresentations; but it is not claimed that under the written contracts the plaintiff is not entitled to recover the amount claimed.

It is stated in the answer " that at the time said order was signed he was not able to read the same, which fact was well known to said agent and plaintiff, and he did not read it, and did not hear it read." As the execution of the contract is admitted, it must be assumed that the defendant could at least write his name; and, as nothing appears to the contrary, it must be further assumed he had the ability to read the contract. Why he

2. ——: ——: ——: negligence in signing writing.

was not able to do so is not stated, nor did he request the agent or any one else to read it. He therefore negligently signed it without taking ordinary precaution in this respect. Having done this, the courts, under well and long-established rules, are powerless to give him relief. If this should be done in this case, then a written contract becomes comparatively valueless. *McCormack v. Molburg*, 43 Iowa, 561, and authorities there cited.

AFFIRMED.