THE MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY V.
Cox *et al.*

1. **Contract:** TO CONVEY LAND : SPECIFIC PERFORMANCE : INDEFINITE
DESCRIPTION.   A contract to convey land was sought to be avoided
on the ground that the description was too indefinite.   It described
the land as that part of a certain government subdivision, "lying
south of the grove." *Held* that this description was certain, and
that it was no ground for refusing an order for specific perform-
ance.

2. ——— : ——— : ——— : MUTUALITY.   A contract to convey land
in consideration of the location and maintenance of a depot at a
certain place cannot be avoided, after the depot has been built, on
the ground that the courts will not compel the other contracting
party to maintain the depot at that place.

3. ——— : ——— : ——— : CONDITION SUBSEQUENT.   Such contract
cannot be avoided on the ground that the other party has not
performed on his part certain conditions, which appear not to be
conditions precedent.

4. ——— : ——— : ——— : FAILURE OF CONDITION : CONSTRUCTION.   A
contract which provided that in consideration of the location of a
depot at a certain point, and the building of the usual depot
buildings there, and the running of trains to and from the same
before a given date, defendants would convey certain land, *held*
not to require the building of the depot, but only the running of
the trains, within the time named.

5. ——— : ——— : ——— : SIGNING WITHOUT READING.   The specific
performance of a contract to convey land cannot be avoided on
the ground that the maker of it relied on the other party's attorney
to draw it, and that he signed it without reading, and that it did
not properly express the agreement of the parties.

*Appeal from Webster District Court.*—HON. S. M.
WEAVER, Judge.

FILED, DECEMBER 21, 1888.

ACTION for the specific performance of a contract. There was a decree granting the relief prayed for by plaintiff. Defendants appeal.

*Wright & Farrell,* for appellants.

*A. E. Clarke,* for appellee.

BECK, J.—I. The contract which the plaintiff prays may be specifically performed by defendants is in

1. CONTRACT: to convey land: specific performance: indefinite description.

the following language: "In consideration of the location and maintenance of a depot within ten rods of the south line of east half of northeast quarter of section 16, township 87, range 28, Webster county, Iowa, and the building and maintenance of the usual depot buildings at said point, and the running of trains to and from the same before November 1, 1881, by the Minneapolis & St. Louis Railroad Company, we agree to convey to said railroad company, upon the performance by it of said conditions, a strip of land one hundred (100) feet in width,—the same being fifty (50) feet in width on each side of the center line of the Minneapolis & St. Louis Railroad, where the same is now located over and across the east half of northeast quarter of section 16, township 87, range 28, Webster county, Iowa; and also a strip of land two hundred (200) feet wide, on the westerly side of the adjoining said one hundred-feet strip, and being one thousand (1,000) feet long, and commencing at said south line, and running thence north one thousand (1,000) feet; and the undivided one-half of that part of said east half of northeast quarter lying south of the grove thereon, not included in said depot grounds or right of way. For the like consideration the said E. H. Cox waives and relinquishes the damages allowed for said right of way by the commissioners. The railroad company shall pay the damages allowed Anderson, and shall also pay the expenses of platting and recording plat of said land into town lots. The said Cox shall

give a bond, as provided by law, against any incumbrance on said land. E. A. Cox. Ada Cox." The plaintiff alleges that it performed all the conditions of the contract within the time prescribed therein, and that defendants have refused to convey the property as they are obligated to do by the contract. The defendants admit the execution of the contract, and that they refuse to convey any property under it. As a special defense, they allege that the description of a part of the property as set out in the contract is too vague, indefinite and uncertain to be enforced, and no decree for specific performance will therefore be rendered. For a further defense they alleged that the agreement between the parties, which the contract was made to express, was in fact different in its provision, in that it provides that a divided half instead of an undivided half of the land shall be conveyed. It is alleged that the agreement between the parties differs from the contract in some other respects, which need not be particularly stated. It is alleged that the contract was drafted by the agent or attorney of plaintiff, who, through negligence or fraud, omitted to insert the conditions correctly in the contract; and defendants, relying upon the written contract as a true expression of the agreement of the parties, executed it.

II. The description which defendants insist is so uncertain as to defeat the contract, is of the undivided one-half of a part of the tract referred to by the congressional description. The description is surely without uncertainty or vagueness, unless these defects arise from the reference to the grove, south of which the tract is situated. Indeed, counsel urge no other ground of objection to it. Surely, a grove is an object which may be taken as a land-mark, a monument, designating the boundaries of land. The description of the land, leaving out the words "lying south of the grove," is clear, and, taken in connection with the description by the congressional subdivision, to which reference is made in the contract, is complete, plain and without objection. The words referred to describe the land to be conveyed

as "lying south of the grove." The description is certain. In order to find the land, the congressional subdivision is to be followed. The grove is to be discovered, and the land in the congressional subdivision lying south of the grove is the land to which the contract pertains. The law requires no more particular description. It is surely reasonably certain, and, according to the authority cited by counsel, nothing more is required. 3 Pom. Eq. Jur., sec. 1405.

III. Counsel insist that, as the courts will not compel plaintiff to maintain a depot at the place designated in the contract, which is of the consideration thereof, the mutuality of the contract, which is essential to authorize a decree for specific performance, is wanting. But it cannot be doubted that plaintiff may be compelled to maintain the depot after it is erected and defendants have performed their part of the contract. The plaintiff, having built the depot under its contract, may demand of defendants performance on their part. If it fail to maintain the depot, it will surely be answerable to defendants for the breach of the contract.

*2. ——: ——: ——: mutuality.*

IV. It is urged, as a defense to the action, that plaintiff has not paid for platting the land and the damages provided for by the contract. It is admitted that these matters were not conditions precedent, but it is claimed that, as plaintiff has not indicated its willingness to perform the contract in this regard, it cannot demand a specific performance. Surely plaintiff will not be required to perform its contract, which is not a condition precedent, before it can call on defendants to perform theirs, which alone can secure plaintiff in the rights it acquired under the contract.

*3. ——: ——: condition subsequent.*

V. It is insisted that the depot was not built in the time prescribed by the contract. As we understand the contract, it does not obligate the plaintiff to build the depot within a prescribed time. It prescribes the time in which the road shall be running. But we do not think the

*4 ——: ——: failure of condition: construction.*

evidence shows it was not operated to the station at the time prescribed in the contract.

VI. The defenses pleaded by defendants, that the contract does not embody the agreement of the parties, that it was signed in ignorance of its variance from the agreement, etc., cannot be urged to defeat the plaintiff's action. The

**5. —— : —— :**
**—— : signing**
**without**
**reading.**

law will not permit evidence of this kind to vary or defeat contracts. All agreements and negotiations preliminary to or contemporaneous with the written contract are merged therein, and the party signing a contract without having read it, or taken precautions to ascertain its contents, is bound thereby. *McCormack v. Molburg*, 43 Iowa, 561 ; *McKinney v. Herrick*, 66 Iowa, 414. The foregoing discussion disposes of all questions in the case. The decree of the district court is

AFFIRMED.