W. H. C. JENKINS, Appellant, v. CLYDE COAL COMPANY, Appellee.

1. **Lease of Coal Lands**: TERMINATION: NOTICE. Where a lease of coal lands provided that the same might be terminated upon thirty days' notice, if it should be found at any time impracticable for the lessee to profitably mine the same, *held*, that a notice by the lessees of the surrender of their rights "as provided for in the lease was sufficient."

2. ——: ——: SIGNING WRITTEN INSTRUMENT IN IGNORANCE OF CONTENTS. A receipt for rent paid by the lessees recited that the amount named was in full for all claims of the lessor under the lease as the lessees surrendered their lease. The lessor claimed that he signed the writing without knowing its contents, and that he was misled by the statements of the lessees in relation thereto. *Held*, that the lessor having negligently executed the writing though having the ability to inform himself as to its contents could not in the absence of fraud or excusable mistake be relieved from the operation thereof.

*Appeal from Boone District Court.*—Hon. S. M. WEAVER, Judge.

SATURDAY, MAY 23, 1891.

ACTION to recover amounts alleged to be due as royalty for coal lands. There was a judgment in favor of the defendants for costs, and the plaintiff appeals. *Affirmed,*

*Barcroft & Bowen* and *Ramsey & Brockert,* for appellant.

*J. F. Duncombe,* for appellee.

ROBINSON, J.—In May, 1885, the plaintiff and his wife entered into an agreement in writing with the defendant by which the former granted to the latter the exclusive right to mine and take coal from a tract of land described, for the term of fifteen years. In consideration of that right, the defendant agreed to pay to the plaintiff a royalty of ten cents for each ton of coal mined. The royalty was to be paid semi-annually, and in case it did not amount to one thousand dollars for each year, beginning with September 1, 1885, the defendant was to add to it an amount sufficient to make that sum. The agreement also contained provisions as follows :

" If it shall be found at any time impracticable for the second party, from any cause, to profitably mine the coal from said lands, then, upon notice, given by the second party, this lease shall cease and determine upon the day the next semi-annual payment shall become due, provided said day shall not be less than thirty (30) days from the giving of the notice. In case the said lease shall cease and determine as aforesaid, for the reasons above stated, and upon notice given, then the said second party shall surrender to the first parties the mine under the above-described premises, in good workable condition, except such defects as may arise from natural causes, and not from negligence on the part of the second party." ·

The petition alleges that the agreement is in full force, and demands judgment for the amount of three semi-annual payments claimed to have become due for the eighteen months which commenced on the first day of September, 1886. The defendant denies the alleged indebtedness, and denies that the agreement is in force. It claims that on the date named the agreement was terminated by a notice previously given for

sufficient reasons, and that it then surrendered to the plaintiff the mines in the condition which they were required to be in by the agreement. After the evidence had been fully submitted, a verdict was returned in favor of the defendant by direction of the court.

I. On the thirty-first day of July, 1886, the defendant served the plaintiff with a notice in writing, as follows:

"MINNEAPOLIS, MINN., July 17, 1886.
" W. H. C. Jenkins, Esq.

" DEAR SIR:—We hereby give you notice that we shall surrender, as provided for in the lease, all our rights to mine coal on your lands and the lease on the first day of September next.

"Yours truly,

"THE CLYDE COAL CO.
"By E. W. GAYLORD,
"Manager."

The appellant contends that the notice was insufficient, for the reason that it did not state that it had been found impracticable for the defendant to profitably mine coal from the land in question. We do not think that claim is well founded. The notice informed the plaintiff that the lease and right to mine coal would be surrendered "as provided for in the lease." That contained but one provision, which permitted the defendant to terminate it before the expiration of the full term, and that was the one we have quoted. The notice given necessarily informed the plaintiff of the ground upon which the right to terminate the lease was claimed, and that was that it had been impracticable for the defendant to profitably mine the coal from the land.

1. LEASE of coal lands: termination: notice.

II. The evidence in regard to the condition of the mine in controversy, and the cost of taking coal therefrom, was conflicting, and, if it had been material to a decision of the case to determine the question as to the practicability of mining at a profit, it should have

2. ——: ——: signing written instrument in ignorance of contents.

been submitted to the jury. Whether the court erred in taking the case from the jury depends upon the effect which should be given to an instrument signed by the plaintiff, which is as follows :

"*The Clyde Coal Company to W. H. C. Jenkins, Dr., 1886.*

"September 1. For royalty or rental, as per agreement made May, 1885, between the Clyde Coal Company and W. H. C. Jenkins, and recorded June 11, 1885, in Boone county, Iowa, five hundred dollars. Examined, and certify that the above account is correct.

"E. W. GAYLORD.

"No coal mined on this land since December, 1885, and this payment is for all and in full for all claims under that agreement, as the Clyde Coal Company surrenders its lease. Received of the Clyde Coal Company five hundred dollars in full for the above. September 24, 1886.                    W. H. C. JENKINS."

This instrument was introduced in evidence without objection. The plaintiff testified in regard to it that he signed it without knowing its contents ; that he was misled by statements made by Manager Gaylord in behalf of the defendant, in a conversation had at the time it was signed ; that at that time a modification in the lease was made, and it was agreed that the price to be paid for the six months ending March 1, 1887, should be reduced to two hundred and fifty dollars ; that, believing that the instrument was a mere receipt for five hundred dollars, he signed it without reading it, and without any intention of accepting it or acknowledging a surrender of the lease. After evidence in explanation of the instrument had been given, the plaintiff asked to have the latter stricken from the record, and withdrawn from the jury, but the request was denied. We think that action was correct. The evidence admitted was wholly insufficient to show that the signature of the plaintiff was obtained by fraud or excusable mistake. Nothing was said or done to mislead him nor to prevent the reading of the instrument before it was signed. The eyesight of the plaintiff was

not good, but it clearly appears from his own testimony that he could have read the instrument had he desired to do so before signing it, Having negligently executed it, he is bound by all its provisions. *McKinney v. Herrick*, 66 Iowa, 414; *McCormack v. Molburg*, 43 Iowa, 561. This is especially true in view of the fact that no attempt has been made to have it set aside or corrected. It is said that the plaintiff is bound only by so much of the instrument as acknowledges the receipt of money, but that is not an admissible construction. The instrument must be treated as an entirety. It shows that the money paid to the plaintiff was in full for all claims under the agreement, and the surrender of the lease by the defendant is acknowledged. It shows a full settlement of all claims under the agreement.

It is said the instrument should have been excluded because it was not pleaded. The plaintiff claimed that the lease was in full force. The defendant denied it, and claimed that the lease had been canceled, and that the leased property had been surrendered to the plaintiff. The instrument in controversy was competent evidence to prove the fact to be as claimed by the defendant under the issues presented by the pleadings. It is not claimed that the lease has been revived by a new agreement.

We conclude that the action of the court in directing a verdict for the defendant was correct. AFFIRMED.