THE BONNOT COMPANY, Appellant, v. NEWMAN BROTHERS
*et. al.*

**Contracts:** REPRESENTATIONS AS TO CONTENTS: *Negligenec*. It is no defense to an action on a contract, part of which was typewritten and the balance printed matter, that the printed matter provided that the goods sold, if not paid for, should remain the property of the seller, and that the purchaser, without reading the same, though having full opportunity so to do, was, on inquiry, informed that it was merely a guaranty of the goods sold.

**Appeal:** DEFAULT: *Notice of appeal*. Where a judgment is rendered against one person by default, no notice of appeal need be served on him.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

SATURDAY, APRIL 8, 1899.

ON the fourteenth day of November, 1895, Newman Bros. and F. K. Ebersole entered into a written agreement, by the terms of which the latter agreed to deliver to that firm a large amount of machinery for a brick manufacturing plant at the price of six thousand two hundred and fifty dollars, on which he was to receive from that firm a stock of hardware at invoice prices, with freight added, and the balance in cash. This was in typewriting, except the following in fine print, pasted on the paper: "The above machinery is guarantied to be well made, of good materials, and to do good work when clay is prepared and machinery is geared and operated according to the manufacturers' instructions. In case the purchaser is unable to make the machinery perform as above guarantied, written notice shall immediately be given the Bonnot Co., and their agent from whom the machinery was purchased, by registered letter, giving full particulars, and reasonable time shall be allowed and friendly assistance given, in order that the cause may be removed.

Then, in case the machinery cannot be made to fulfill the warranty, the manufacturers shall not be held liable for any damages or expenses of re-loading the machinery on board cars, or freight from their works.  If the purchaser fails to make it do good work through neglect to follow the instructions of the manufacturers, then he shall pay all necessary expenses incurred.  The above machinery to be and remain the property of the Bonnot Co. until paid for.  There are no understandings or agreements outside of this written contract."  On the eighteenth day of the same month, Ebersole ordered, in writing, a portion of the machinery, valued at two thousand two hundred and sixty-five dollars from the Bonnot Company, the plaintiff herein, and agreed to pay therefor in cash.  This was on a printed blank of that company, including the extract set out.  As only one thousand dollars was paid by Ebersole, and Newman Bros. refused to pay the balance, this action was brought for the possession of the machinery sold by the plaintiff.  Newman Bros. answered, and by way of cross petition alleged that the portion of the printed matter, "the above machinery to be and remain the property of the Bonnot Company until paid," was inserted by mutual mistake, or else through the fraud of Ebersole, and prayed that Ebersole be made a party defendant, and the contract be so reformed as to exclude it.  This issue was thereupon first tried in equity, and the contract reformed as prayed.  The plaintiff appeals.—*Reversed*

*Cummins, Hewitt & Wright* for appellant.

*Read & Read* and *S. S. Cole* for appellees.

LADD, J.—I.  While persons on the faith of another's word alone, every day sign contracts without reading them, the law has ever adjudged this such indifference as will preclude a remedy in event of deception.  This is on the ground that, having the full means of knowledge and of determination, they nevertheless rely upon the representations of

another having no better facilities for knowing, without themselves exercising the means open for ascertaining the truth. *McCormack v. Molburg,* 43 Iowa, 562; *McKinney v. Herrick,* 66 Iowa, 414; *Wallace v. Railway Co.,* 67 Iowa, 547; *Roundy v. Kent,* 75 Iowa, 665; *Jenkins v. Coal Co.,* 82 Iowa, 618; *Railway v. Cox,* 76 Iowa, 306. It may be conceded that the contract in handwriting had been read by William Newman, and that the printed guaranty, including the clause allowing the Bonnot Company to retain title until paid, was added to that by being pasted on the duplicate copies in typewriting, which were subsequently signed, and also that I. A. Ebersole did not read that portion of it to the Newmans. But when William was about to attach the firm name to the duplicates so prepared, he noticed the printed portion, and upon inquiry, was told by Ebersole it was simply a guaranty of the Bonnot Company. Knowing this had not been read, and without himself reading the printed portion, he signed the contracts in duplicate. Though able to read, and having the opportunity to do so, he chose to rely on the statement of Ebersole. No artifice whatever was employed to deceive. If the printed portion was added without previous understanding, and Ebersole omitted to read it, this was known to William Newman, who nevertheless neglected to read it for himself, and, if wronged, it is the result of his own folly. It should be added that Ebersole denies misrepresenting the terms of the contract, and insists that it was prepared precisely as agreed. We have found it unnecessary, however, to consider this phase of the case.

II. That the record is such as to demand a hearing on the merits appears from *McGillvray v. Case,* 107 Iowa, 17. No notice of appeal was served on F. K. Ebersole against whom judgment was entered by default. That none was required in order to confer jurisdiction is well settled. *Moore v. Held,* 73 Iowa, 540; *Payne v. Raubinek,* 82 Iowa, 589.—REVERSED.