LAVINA BANNISTER, Executrix of the Estate of DWIGHT BANNISTER, Deceased, AND J. M. RANSIER v. CLARA V. McINTIRE, Administratrix of Estate of JOHN W. McINTIRE, Deceased, Appellants.

**Condemnation Damages:** PAYMENT TO SHERIFF: *Duty to retain for land owner.* A sheriff with whom the amount awarded as damages in condemnation proceedings for right of way is deposited by the railroad, pursuant to Code 1873, section 1244, is bound to retain it for the land-owner.

SUIT AGAINST SHERIFF: *Parties.* A Sheriff sued for money deposited with him pursuant to Code 1873, section 1244, by a railroad, as damages due plaintiff for a right of way over his land acquired by condemnation, is not entitled to have the railroad made a defendant, on allegation that he had paid the money back to it; the case against the sheriff being determinable without affecting the rights or liabilities of the railroad.

**Ex-Parte Orders:** REVOCATION: *Subsequent term.* Where a railroad, without hearing, is made a defendant on an ex parte order, the order may, at a subsequent term, after the record

has been signed, be revoked by an associate of the judge making the order; the application to revoke being nothing more. than a request to dismiss the case against the railroad.

**Admissions:** AVOIDANCE FOR FRAUD. A written admission of liability, and promise to pay, taking the claim out of the. statute of limitations, made by a sheriff as to money deposited with him as damages for a railroad right of way, cannot be. avoided on the ground of fraud, because the sheriff signed the, writing without reading it, and the attorneys of the promiseesaid it was to protect their client against the railroad.

*Appeal from Wapello District Court.*—HON. T. M. FEE,, Judge.

SATURDAY, DECEMBER 22, 1900.

THIS is an action to recover of a sheriff a sum of money· deposited with him by the Wabash Railroad Company as. damages due plaintiffs for a right of way of said railway,. which had been secured by condemnation proceedings across. a lot belonging to said plaintiffs. The amount deposited was. what had been awarded in the *ad quod damnum* proceedings. There was a directed verdict against John W. McIntire, and. he appeals.—*Affirmed.*

*W. W. Cory* for appellant.

*McElroy & Heindell* for appellees plaintiffs.

*S. S. Caruthers* for appellee Wabash R. Co.

WATERMAN, J.—Dwight Bannister, one of the plaintiffs, and John W. McIntire, who was sheriff of Wapello. county, and who is the principal defendant, were alive when this action was instituted. They have since died, and their· representatives have been substituted. The action was orginally brought against McIntire as sheriff on his official bond, and the sureties thereon were made parties defendant. Thereafter it was dismissed by plaintiffs as against the sureties,.

and proceeded to judgment only as against McIntire. The main facts are not in dispute. The plaintiffs were owners of a lot in the city of Ottumwa, across which, in December, 1892, a right of way was condemned by the Wabash Railroad Company. The award of damages made by the sheriff's jury was $380. Plaintiffs were not satisfied with the award. They claim to have taken an appeal to the district court, but as that fact is in dispute, and not necessary to a decision of the issues presented, we do not determine it. The railroad company on January 18, 1893, deposited the amount of the award with McIntire, the sheriff, took possession of the property, and constructed its road. This action was brought on December 24, 1896. Other facts will be set out in their proper connection in the course of the opinion.

I. On behalf of the defendant, it was moved that the Wabash Railroad Company be made a party to the suit, it being averred that, after the deposit of said money with defendant sheriff, he paid the same over to a lawfully authorized agent of said railroad company, and that, if he is called upon to respond to plaintiff's demands, he should have judgment over against the railroad company. This motion came on for hearing before Eichelberger, J., and was sustained by him. Thereafter, at a later term, the railroad company appeared, and asked that the order making it a party be set aside. This application was heard before Fee, J., who sustained it, and his order so made is set up as the first ground of complaint. It may be well, first to consider the merits of the order making the railroad company a party. This is a law action. The petition states a case against McIntire, sheriff, which could be fully determined without affecting the rights or liabilities of any other person than the original parties to the action. There was no call for the making of any other parties. *Shambaugh v. Current,* 111 Iowa, 121. The fact, if it be such, that McIntire stood in the relation of surety to the railroad company, which was

liable over to him, if he was called upon to pay plaintiff's demand, would not affect the question. Under our statutes, an action may be maintained against a surety alone, without joining his principal. *Marshall County v. Knoll,* 102 Iowa, 573.

But it is said that Judge Fee had no right, at a subsequent term and after the record had been signed, to revoke an order made by his associate on the bench. The order of Judge Eichelberger was made *ex parte.* The railroad company had no hearing in the matter. In legal effect, its application to revoke the order was nothing more than a request that the case be dismissed as against it. Clearly, it had a right to a hearing on such an application, and it could not be denied relief, if otherwise entitled thereto, merely because, if granted, the order of Judge Eichelberger would be set aside. In connection with the contention on appellant's part that the Wabash Railroad Company should have been retained as a party, something is claimed for the fact that the deposit was surrendered by the sheriff to a duly-authorized agent of the railroad company. The claim is that the sheriff was the agent of the railroad company in taking this money, and, if he gave it up to his principal, the latter alone is liable to the landowner. We said in *White v. Railway Co.,* 64 Iowa, 281, that in proceedings of this kind the sheriff is the agent of the railroad company, and not of the landowner; but this language was used in relation to a contention by the defendant there that a payment to the sheriff satisfied the landowner's claim against the company, even though such owner failed to receive the money. It was never meant that the landowner had no interest in the deposit, but that it could be surrendered by the sheriff to the railroad company whenever he saw fit to do so. The deposit with the sheriff of the amount of the award is intended as security for the landowner, where the company takes immediate possession of the land, as it did in this case. Code 1873, section 1244. This security is worthless if the

sheriff is not obliged to retain the funds. While the sheriff is in a certain sense the agent of the railroad company, yet the landowner has such an interest in the deposit, when made, that he may hold that officer liable for its safe keeping. See *Lower v. Miller,* 66 Iowa, 408.

II.   The bar of the statute of limitations is set up by defendant. In *Lower v. Miller, supra,* this court held that a right of action against the sheriff for such a deposit accrues to the landowner immediately after the expiration of the 30 days allowed for appealing from the award, and that such action is barred if not brought within three years after the right is thus fixed. Plaintiff seeks to remove the bar in this case by setting up a written admission of liability, together with a promise to pay, signed by said McIntire on the fifth day of January, 1896. In response to this, Mc-Intire claims that his signature to this paper was procured by fraud; that he signed the same without reading it, on the statement made by one of the plaintiff's attorneys that it was to protect plaintiff against the railroad company. We do not think the showing sufficient to have taken the issue of fraud to the jury. In *Bonnot Co. v. Newman,* 108 Iowa, 158, we said with relation to a state of facts quite similar: "While persons, on the faith of another's word alone, every day sign contracts without reading them, the law has ever adjudged this such indifference as will preclude a remedy in event of deception." Nothing was done to prevent McIntire from reading the paper he signed. If he chose to rely on the statement of plaintiff's attorney as to its effect, which statement seems to have been made in good faith, the wrong, if he suffers any, is due to his own folly. *McKinney v. Herrick,* 66 Iowa, 414; *Wallace v. Railway Co.,* 67 Iowa, 547; *Roundy v. Kent,* 75 Iowa, 665; *Jenkins v. Coal Co.,* 82 Iowa, 618; *Railway Co. v. Cox,* 76 Iowa, 306. Our conclusion is that the judgment of the trial court is fully warranted both by the law and the facts.—AFFIRMED.