JOHN JOSEPH et al., Appellees, v. GUS G. MANGOS, Appellant.

EVIDENCE: Parol as Affecting Writings—Fraud. Testimony tending to show a fraud which *induced and gave rise to a written* contract is not violative of the rule which forbids the contradiction or modification of written contracts by oral contemporaneous evidence.

PARTNERSHIP: Fiduciary Relation—Sale of Partner's Interest. The duty of partners to exercise the utmost good faith towards each other extends to the sale by one partner to the other of an interest in the business.

**FRAUD:** False Representations—Sale of Partnership Property. Evidence held to establish the superior and exclusive knowledge by one partner of the financial condition of the partnership, and the fraud practiced by him in selling his interest to a fellow partner.

*Appeal from Waterloo Municipal Court.*—O. B. COURTRIGHT, Judge.

DECEMBER 13, 1921.

· ACTION at law to recover damages by reason of alleged false and fraudulent representations of the defendant, inducing the execution of a written contract of purchase of defendant's one-half interest in a partnership business by copartner plaintiffs. Jury waived and cause tried to the court. Judgment entered in favor of plaintiffs and defendant appeals.—*Affirmed.*

*W. L. Beecher,* for appellant.

*P. E. Ritz,* for appellees.

DE GRAFF, J.—Plaintiffs and defendant were copartners engaged in the restaurant business at Waterloo, Iowa under the firm name of the Merchants Cafe. On the 28th day of October, 1920 the defendant entered into a written agreement with plaintiffs to sell his undivided one-half interest in said restaurant in consideration of $3,800, and plaintiffs agreed to pay the defendant therefor said sum and to assume and pay all just debts of the business including a chattel mortgage of $1,400 in favor of a Chicago fixture company. A bill of sale was duly executed and plaintiffs have paid to defendant all sums which are due and payable under said contract, and have taken possession.

It is specifically pleaded that the defendant to induce plaintiffs to enter into said written contract falsely and fraudulently represented to the plaintiffs the following particulars; (1) That all of the debts of the said business, except the chattel mortgage and the current bills for the week of October 28th were fully paid. (2.) That the business did not owe Cole & Sweetman Electric Company of Waterloo any amount. (3) That the busi-

ness did not owe any bills for merchandise except that which the plaintiffs were fully informed. (4) That the national cash register in said business was fully paid for.

Whereas in truth and in fact it is alleged that said statements and representations were false and were known to be false by the defendant at the time he made them; that the plaintiffs acted and relied upon said statements and believed said statements to be true as they had no personal knowledge that they were not true; that after entering into said contract and taking possession of the property and interest so conveyed the plaintiffs discovered that there were outstanding debts in the sum of $956.47 owing to divers persons and firms other than the debts specifically mentioned at the time of the execution of the contract. Plaintiffs ask judgment against the defendant in said sum with interest and costs.

This action is predicated on fraud. It is an action in deceit. It is not an action on a written contract, nor does plaintiffs' petition contain any allegations that any misrepresentation was

1. EVIDENCE: parol as affecting writings: fraud.

made as to the recitals or contents of the written contract. Fraud is pleaded as an inducement to the execution of the written instrument and consequently it is permissible to prove the alleged fraud without doing violence to the parol evidence rule. We must be careful to differentiate the instant case from the decisions which involve the reformation or cancellation of a written contract and also from the decisions involving negligence of a party in failing to read a contract before attaching his signature thereto. The line of cleavage is well marked and the legal principles governing the foregoing cases are clearly distinguishable from the case at bar. See, *McCormack v. Molburg,* 43 Iowa 561; *McKinney v. Herrick,* 66 Iowa 414; *Wallace v. Chicago, St. P. M. & O. R. Co.,* 67 Iowa 547; *Roundy v. Kent,* 75 Iowa 662; *Jenkins v. Clyde Coal Co.,* 82 Iowa 618; *Reid, Murdock & Co. v. Bradley,* 105 Iowa 220; *Shores-Mueller Co. v. Lonning,* 159 Iowa 95.

If material misrepresentations are made before a contract is executed the complainant may always show that he was induced thereby to enter into the contract and that he has suffered loss and damage. This is not an attempt to impeach a written

contract, and consequently it is competent to prove the fraud which it is alleged induced the other party to enter into such contract. We deem it unnecessary to cite authorities in support of this elementary proposition, but see, *McCormick Harv. Mach. Co. v. Williams*, 99 Iowa 601; *Dowagiac Mfg. Co. v. Gibson*, 73 Iowa 525; *Childs v. Dobbins*, 61 Iowa 109; *Rohrabacher v. Ware*, 37 Iowa 85.

A partnership involves fiduciary relations and no partner may deceive his copartners for his benefit and their injury by false representations or concealments, and this obligation of partners to exercise the utmost good faith toward one another applies not only during the life of the partnership, but extends to their settlements and transactions from the inception of the partnership to its dissolution, as well as for the purchase or sale of a partner's share in the business. *Nelson v. Matsch*, 38 Utah 122 (110 Pac. 865); *Rankin v. Kelly*, 163 Ky. 463 (173 S. W. 1152); *Hopkins v. Watt*, 13 Ill. 298.

2. PARTNERSHIP: fiduciary relation: sale of partner's interest.

A partnership is predicated on the theory of agency, and the instant case is in the same category and governed by the same principles as an agent for sale buying the subject-matter of the agency from his principal. See *Douglass v. Lougee*, 147 Iowa 406.

To establish plaintiffs' right to recover it is necessary to prove by a preponderance of the evidence the following propositions. (1) That false material representations as to past or existing facts were made by the defendant to the plaintiffs. (2) That such statements were false in fact and that defendant knew them to be false or that they were made by him as of his own personal knowledge whether he knew them to be true or not. (3) That said representations were made with intent to deceive the plaintiffs and to induce them to act thereon. (4) That plaintiffs believed the same to be true and relied and acted thereon and were not in a position prior to their acting thereon to reasonably discover the truth or falsity thereof. (5) That plaintiffs were damaged in some amount thereby.

3. FRAUD: false representations: sale of partnership property.

It will be observed that in the instant case the jury was waived and the cause was tried by agreement to the court. The

finding of facts by the trial court is viewed by the appellate court as a verdict of a jury, possessing the same dignity and entitled to the same respect. It will not be disturbed unless it is shown that it is clearly and palpably against the weight of the evidence. *Pearson v. Minturn,* 18 Iowa 36; *Hamilton v. Iowa City Nat. Bank,* 40 Iowa 307.

The preponderance of the evidence fairly shows that the defendant did represent to his partners immediately prior to the execution of the contract that all bills owing by the firm were paid except the bills for the current week of October 30th, and a chattel mortgage specifically referred to in the written contract of sale. The evidence clearly shows that these statements were false, and that there was considerable indebtedness owing at that time by the firm to divers persons. This was unknown to the plaintiffs and they were not in a position to discover such indebtedness, as the defendant himself was the business manager, paid all bills, checked all invoices, handled all moneys received by the firm, made all deposits at the bank, signed all checks, and kept the accounts.

Furthermore as bookkeeper for the firm he kept the accounts of the business under lock and key. Under such circumstances the trial court properly found that the representations made by the defendant at the time of the execution of the contract were made with intent to deceive. These facts also establish scienter. *Beach v. Beach,* 160 Iowa 346; *Shuttlefield v. Neil,* 163 Iowa 470; *Davis v. Central Land Co.,* 162 Iowa 269.

The means of knowledge were not equally available to plaintiffs and defendant in this case, and although it may be admitted as a general rule that the law requires prudence and diligence on the part of all competent persons in their business transactions, this rule does not apply with the same strictness if the parties to a contract occupy the relation of partners. The enlightened sense of justice requires that the plaintiffs shall prevail. Wherefore the judgment entered by the trial court is— *Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.