### Staunton.

SHENANDOAH VALLEY RAILROAD CO. v. JOHN R. C. LEWIS.
SHENANDOAH VALLEY RAILROAD CO. v. H. L. D. LEWIS.

October 12, 1882.

1. SPECIFIC PERFORMANCE.—A court of equity will not grant a decree of specific performance of a contract *ex debito justitiæ*. It is always a question of sound judicial discretion. The contract must be certain and definite in its terms and in all its parts, and must be clearly proved.
2. EVIDENCE—*Witnesses—Competency.*—It is well settled that where the wife is a party to the suit and interested in the subject matter thereof, the husband is incompetent to testify.

These are appeals from two decrees rendered 23d January, 1882, by the circuit court of Clarke county, in the two causes therein pending, wherein the Shenandoah Valley Railroad Company is the complainant, and in the first named, John R. C. Lewis and Maria B. Lewis, his wife, and others, are the defendants; and in the last named, H. L. D. Lewis is the defendant.

The company claimed that in 1871 John R. C. Lewis, acting for himself and his brother, H. L. D. Lewis, had contracted with its agents to grant to it the free right of way through their respective lands in Clarke county for its railroad, in consideration that it should, upon the completion of the railroad through the said lands, establish, at a point convenient to the said land owners, to be designated by said John R. C. Lewis, on the line of the road through one of the tracts of land, a switch, and thereat a flag station, at which they should be entitled to stop, for their own convenience, any local passenger train; and that the contract

was reduced to writing, and had been lost or mislaid, and could not be produced.

In 1879, the company took possession, under said contract, of a width of said lands, whereon the road had been located, of thirty-three feet on each side of the center line of the road, and of a length of 3,740 feet, containing 5.66 acres of the land of John R. C. Lewis, and of same width and of a length of 1,435 feet, containing 2.17 acres of the land of H. L. D. Lewis, and had at considerable expense built its railroad on said lands, and since December, 1879, have been running over it, daily, passenger and freight trains. The switch and the flag station were not established, but the company contended that it was always ready to establish them whenever John R. C. Lewis should designate their location.

By deed dated 26th October, 1878, John R. C. Lewis conveyed his land, whereon the railroad is located, to R. P. Page, in trust for his wife, Maria B. Lewis, and their children. In March, 1880, said John R. C. Lewis, on the law side of the circuit court, instituted his action of ejectment against said company for the recovery of said 5.66 acres of land from the possession of the said company. And said H. L. D. Lewis, on the same day, instituted a similar action for the recovery of the said 2.17 acres of land from the possession of the said company. In October, 1880, the said company obtained two several writs of injunction from the judge of said circuit court, enjoining the plaintiffs in the said actions of ejectment, and set forth in its petition the foregoing statements, and prayed for decrees requiring of the said John R. C. Lewis and H. L. D. Lewis, respectively, specific performance of the said alleged contract of right of way. The defendants respectively answered the bills, and denied that any such alleged contracts had been made by John R. C. Lewis, either for himself or for his said brother.

Depositions were taken and exhibits filed. For the defendants, John R. C. Lewis was examined as a witness. The company, by its counsel, objected to his examination on the ground that his wife was a party and interested in the controversy between the parties to the first named suit. But his deposition was taken, and he was cross-examined for the company by its counsel.

At the hearing of these causes the circuit court decided that John R. C. Lewis was incompetent to testify in the first named cause, and that the said alleged contract had not been established by proof, and dissolved the injunctions and dismissed the bills with costs.

From those decrees the Shenandoah Valley Railroad Company obtained appeals, which were heard together by this court.

*M. McCormick* and *William H. Travers,* for the appellant.

*S. C. J. Moore & Son,* for the appellees.

ANDERSON, J., delivered the opinion of the court.

These causes are separate bills brought by the appellant for the specific performance of contracts, and were heard together.

In such cases it is held that the plaintiff is not entitled *ex debito justitiæ* to a decree of specific performance. The question whether there shall be a decree of specific performance, or the party be left to his remedy at law, is addressed to the sound discretion of a court of equity. It is not an arbitrary discretion. But in a proper case, it is as much of course in a court of equity to decree specific performance of the contract as it is for a court of law to give damages for the breach of it. But the agreement sought to be enforced must not only be *clearly proved;* " it must be

certain and definite in all its parts. Its terms must be so precise as to obviate any reasonable misunderstanding of their import; and if they be vague and uncertain, or the evidence to establish the contract be insufficient, a court of equity will decline to interpose in order to enforce it, and will leave the party to his legal remedy, if there be any." 2 Minor's Inst. 786, and cases cited.

The bill in the first named case alleges that in 1871 the plaintiff entered into a contract with John R. C. Lewis for the right of way for its road through his farm, and also through the farms of his brothers, George W. Lewis and H. L. D. Lewis, for whom he was acting, and sets out the terms of the contract, and avers that said contract was reduced to writing, and delivered to it, and was accepted by it, as will appear from a certified transcript of the record of its board of directors, which is made an exhibit.

The answer of John R. C. Lewis positively and responsively denies the allegation of the bill. He says it is not true that the said railroad company contracted with this respondent for the right of way through his farm and through the farms of his brothers, George W. Lewis and H. L. D. Lewis. The respondent then denies that any contract was ever made by which he agreed to grant to said company the right of way through his said farm on the terms set out in the bill which he recites in his negation, in the words in which the allegation is made.

Further answering, he denies that any such contract was reduced to writing and delivered to complainant and accepted by it, and insists that the certified transcript from the record of the company's board of directors, made an exhibit with its bill, is not evidence against him, and asks that it be disregarded and stricken from the record.

He further "denies, specifically and in detail, each and all the averments of the bill concerning said alleged contract; and he further denies that any contract, written or

unwritten, was ever made between him and complainant, whereby he granted to said complainant the right of way through his said farm for the consideration named, or for any other consideration whatever."

He further "denies that he ever did contract, or had power to contract, with complainant, to grant or convey the right of way through the lands of his brothers, George W. Lewis, H. L. D. Lewis and E. P. C. Lewis, or either of them."

The deposition of J. R. C. Lewis was taken in behalf of the defendants in the cause, one of whom was his wife, and was excepted to by the plaintiff upon the ground that he was an incompetent witness to testify in the cause, because of the interest of his wife in the matters in controversy. The court sustained the exception and excluded his testimony. We are of opinion that there is no error in that ruling of the court. But that he is a competent witness in the other suit in which his wife is not a party, and has no interest, and that his deposition may be read in that case, it having been agreed by the counsel that depositions taken in this case might be read in the other—so far, of course, as the evidence was legal and applicable.

In the decision of this cause, we cannot therefore consider the testimony of J. R. C. Lewis. We do not propose, nor do we deem it necessary, to go into a critical examination of the other testimony; we have examined it with care, and we regard it as insufficient in the face of the denial of the answer to establish the contract alleged, and which is sought to be enforced. The evidence is too vague, uncertain and contradictory, upon which to found a decree in chancery for the specific performance of a contract. And this court is of opinion that there is no error in the decree of the circuit court in this cause and that the same be affirmed.

In the other case the defence is strengthened by the testimony of J. R. C. Lewis; and there being the same grounds of defence in that case that there is in the case just decided, and additional, upon which the decree of the circuit court rests, we are of opinion that the decree in that case be also affirmed.

DECREE AFFIRMED.