# CHARLESTOWN.

## BLANKENSHIP *v.* SPENCER *et al.*

Submitted September 14, 1888.—Decided September 19, 1888.

SPECIFIC PERFORMANCE—PAROL CONTRACT—INDEFINITENESS—PART PERFORMANCE.

Upon a bill filed by B. against S. to enforce the specific execution of a parol contract for the conveyance of a parcel of land sold by S. to B., described as "a certain piece of land containing 67½ acres, being the lower end of a certain survey sold and conveyed to S. by W., and adjoining the lands of H. and of R., in the district of F., in the county of G., in the State of W. Va.," shown by extrinsic evidence to contain 117 acres, *Held.*

I. That the description of the boundaries of the 67½ acres, as described in said parol contract, is too vague and indefinite to authorize a court of equity to enforce the specific execution thereof, and that the bill filed for that purpose should be dismissed.

II. That such a bill can not be maintained upon the ground of part performance sufficient to take the same out of the statute of frauds; for that character of bill will only lie, where the contract could have been enforced without such part performance, if the " same or some memorandum or note thereof had been in writing and signed by the party to be charged thereby or his agent."

*Henry Gilmer* for appellant.

*W. T. Rucker* for appellee.

WOODS, JUDGE:

This was a bill filed in the Circuit Court of Greenbrier county at March rules, 1887, by Hiram B. Blankenship against Abram Spencer and George W. Williams, setting forth the following facts: That on the —— day of October, 1886, the plaintiff bought of Abram Spencer " a certain piece of land, being the lower end of a certain survey conveyed to him by said Williams, adjoining the lands of Cheat Hamman and old man Jimmy Robins, in the district of Falling Spring, in the county of Greenbrier and State of W. Va., containing

67½ acres," at the price of $250.00, of which $130.00 was paid down, and the balance, $120.00, was payable in one, two, and three years thereafter; that he subsequently paid $100.00 more, leaving only $20.00 to be paid in one, two, and three years thereafter, a part of which he has since paid, leaving unpaid only a few dollars.

He further avers that in part performance of said contract said Spencer at once put him in actual possession of said land, which he still holds, and that by the terms of the contract, which was verbal, the defendant, Spencer, was to make him a deed of general warranty at once, or as soon as it could be prepared and acknowledged, conveying to him the 67½ acres of land, which he had not done and refuses to do; and thereupon prays that Spencer may be compelled to convey the said 67½ acres of land to the plaintiff, and for general relief. The bill was subsequently amended by averring that when the bill was filed the deed from Williams conveying to Spencer said survey had not, but since that time has been, recorded, and a copy thereof was made a part of the bill.

The defendant, Spencer, demurred to the bill, but his demurrer was overruled; and he answered the bill, to which the plaintiff replied generally. The defendant's answer admits that he purchased from said Williams a tract of land containing 117½ acres, and that he has a deed from him for the same; but he denies that he has ever tried to sell said land with intent to cut plaintiff out of the same; he denies that the plaintiff has paid any of the amounts set up by him as payments made to him on land. The answer then denies all the allegations of the plaintiff's bill not herein expressly admitted, and calls on plaintiff for full and complete proof regarding the same. No exceptions were taken to the answer, and neither it nor the bill was verified by affidavit.

The plaintiff took and filed his own and the depositions of two other witnesses; but no depositions were taken by the defendants. The deposition of the plaintiff is, in substance, as follows: " About the first of November, 1886, I purchased of Abram Spencer a piece of land lying on the head of Spring creek, adjoining Cheat Hamman and old Jimmy Robins, in Greenbrier county, W. Va. I bought 67 acres off the lower end of the tract." In answer to the question:

"How did you designate the tract off which you bought this sixty seven acres?" he answered : "Well, he reserved fifty acres off the upper end." I was to have the balance of the survey, which made sixty seven acres, off the lower end." The plaintiff further testified : " Abram Spencer bought said boundary of land from George W. Williams. I understood it contained 117 acres ; the sixty seven and the fifty acres were both in said survey. Spencer told me he would let his father-in-law, Cheat Hamman, have fifty acres off the upper end, and I might have the remainder, which was sixty seven acres, at $250.00 ; all of which I have paid except $16.00 due the fall of 1889, for which he was to take a lien in the deed." In answer to the question : " Was there at any time, either before the alleged sale to you or afterwards, any partition or division of the tract of 117 acres into two parts—one of fifty and one of sixty seven acres—made between you and said Spencer?" the plaintiff answered : " There was not any partition made. The lines have never been run, or any division made."

The other witnesses, James and Harvey Roberts, corroborated the plaintiff as to the price agreed to be paid for the land, and as to the payment thereon of $230.00 by the plaintiff. Both of them testify that Spencer said that he had let Hamman have the upper end, and plaintiff the lower end, 67 acres ; and that the land lay in Falling Spring district, Greenbrier county, W. Va. The witness, Harvey Roberts, in answer to the following question, " State whether or not Spencer put Blankenship into the possession of the said piece of land ?" answered : " He told me he wanted to move out, and let Blankenship have the house. Blankenship went into the house, and is in the possession of the land." Neither of the witnesses, James or Harvey Roberts, pretends to know anything more about the terms of the contract between the plaintiff and Spencer than that the plaintiff was to have the lower end, 67 acres, at the price of $250.00.

On the 23d day of April, 1887, the cause was heard upon the bill and exhibits, answer, general replication thereto, demurrer, joinder therein, and depositions, and was argued by counsel. On consideration whereof, among other things, it was adjudged, ordered, and decreed that the demurrer be overruled, and the cause referred to the surveyor of the

county, who was directed to go upon the tract of land in the bill and proceedings mentioned, and run and lay off $67\frac{1}{2}$ acres from the lower end of said tract to and for the plaintiff, make a plat of the same, and report his proceedings to the court. The surveyor afterwards returned his report, whereby it appeared that he went upon said tract of land and surveyed and laid off $67\frac{1}{2}$ acres to the plaintiff by certain metes and bounds set out in his report. To this report the defendant, Spencer, excepted, because no notice of the time when the same would be made was given to him, his agent or attorney.

On the 18th November, 1887, the cause was heard upon the papers formerly read, together with the said report of the surveyor, and the defendants' exceptions thereto, and arguments of counsel; on consideration whereof the court overruled said exceptions, confirmed the report of the surveyor, and directed the commissioner theretofore appointed for the purpose to convey said $67\frac{1}{2}$ acres of land to the plaintiff upon payment by him of $16.00, the balance of said purchase-money. To this decree of the 18th day of November, 1887, as well as to the decree rendered herein on the 23d April, 1888, the defendant, Spencer, has been allowed an appeal, with *supersedeas*.

The appellant has assigned as grounds of error the action of the court in overruling his demurrer to the bill and in entering both of said decrees.

The only questions presented by this record are whether the verbal contract set out in the bill, and established by the proof, possesses that degree of certainty, both as to the description of the property and the estate to be conveyed, required by a court of equity to enforce the specific execution thereof, and if it is sufficiently certain, whether the plaintiff has alleged and proved such acts of part performance as to take the case out of the operation of the statute of frauds, which, among other things, declares that " no action shall be brought upon any contract for the sale of real estate, or the lease thereof for more than one year, unless the contract,   *   *   *   . or some memorandum or note thereof, be in writing, and signed by the party to be charged thereby, or his agent." Chapter 89, Code.

In the case of *Mathews* v. *Jarrett*, 20 W. Va. 415, this
65

Court held that a contract which a court of equity will specifically enforce must be certain, as well as fair, in its terms; and the certainty required has reference both to the description of the property and the estate conveyed. Uncertainty as to either, not capable of being removed by extrinsic evidence, is fatal to any suit for specific performance. And in a suit for the specific execution of a contract for the purchase of land, where neither the contract itself, nor the extrinsic proof of the surrounding circumstances identifies or defines the tract or boundaries of the land, or refers to anything by which it may be identified with reasonable certainty, the court will not decree a specific performance, but will dismiss the bill. Judge Snyder, delivering the opinion of the Court in this case, says that such extrinsic evidence in cases where no fraud, mistake, or other equitable incident of a similar character is alleged, is strictly confined to the function of explanation, and of exhibiting the surrounding circumstances in the same manner, and only to the same extent, that such evidence is permissible in the interpretation of all other written instruments

In the case above cited, which was brought to enforce the specific execution of a written contract, signed by the vendor and vendee, for the sale of land, the description thereof given in the contract as it was proved was, "Ten acres of land on the south side of the branch on the upper end of the defendant's 'Keeny Place.'" The extrinsic evidence by which this description was intended to be made certain showed that said "Keeny Place" contained over 200 acres; and not a single witness attempted to state that the land could be identified from the general description given in the contract, or that the boundaries were ever fixed by any agreement between the parties. This description of the land mentioned in the contract was held to be too vague and indefinite for a court of equity to attempt to decree a specific execution of the contract, and the decree of the Circuit Court dismissing the plaintiff's bill because of this uncertainty in the description of the land was affirmed by this Court.

The same question was again before this Court in *Westfall* v. *Cottrills*, 24 W. Va. 763, which was a bill filed by Westfall against Cottrill to enforce the specific execution of a

parol contract for the conveyance to the plaintiff of "forty acres of land out of a tract of about one hundred and forty-seven acres, which said Cottrill then owned in said county, situate on Beech Fork; the said forty acres to be run off of the Spring Fork end of said hundred and forty-seven acre tract, being the upper end thereof." In this case the court, upon the hearing thereof, by its decree ordered the surveyor of the county to survey and lay off to the plaintiff the forty acres of land in the bill mentioned off of the Spring Fork end of the 147 acres, which was done, and the court, upon the coming in and confirmation of the surveyor's report, decreed the specific execution of the contract for the conveyance of the forty acres of land so run off the 147 acre tract by the surveyor; but this Court, upon the principles announced in *Mathews* v. *Jarrett*, held that this contract was too vague and indefinite, and that the same could not be enforced in a court of equity, and accordingly reversed the decree of the Circuit Court, and dismissed the plaintiff's bill. These authorities are conclusive of the case in judgment.

The description of the land in the parol contract as alleged in the bill, and as proved by the plaintiff himself, is a "certain piece of land, being the lower end of a certain survey bought by Abram Spencer from George W. Williams, and the same conveyed by said Williams to said Spencer, and adjoining the lands of Cheat Hamman and old Jimmy Robins in the district of Falling Springs, in the county of Greenbrier and State of W. Va., containing 67½ acres." The extrinsic circumstances in proof in this case by which this description was intended to be made certain, showed that the said land conveyed to Spencer by Williams contained 177 acres, and neither the plaintiff nor any of his witnesses pretended that from this general description, given as part of the parol contract, the boundaries of the 67½ acres could be identified, nor was any tending to elicit proof of such fact propounded to the plaintiff or any of his witnesses; but, on the contrary, one of them, as well as the plaintiff, himself expressly testifies that no division line was ever agreed or run by the plaintiff and the defendant, Spencer. Neither does it appear that the surveyor had before him any evidence whatever when he executed the order of survey-

ing, laying off the 67½ acres to the plaintiff, tending to show the true boundaries thereof; and therefore the boundaries of the 67½ acres, as fixed by him, must have been a mere matter of conjecture.

We are therefore of opinion that the description of the boundaries of the 67½ acres in the contract in the bill and proceedings mentioned is too vague and indefinite to authorize a court of equity to enforce the specific execution thereof, and that the relief prayed for should have been denied. Having reached this conclusion, the plaintiff's bill can not be maintained upon the ground of part performance, for such bill can only be maintained in cases where the contract could have been enforced if the same " or some memorandum or note thereof had been in writing, and signed by the party to be charged thereby, or his agent."

The said decrees of the Circuit Court must be reversed, with costs; and this Court now proceeding to render such decree as the Circuit Court should have rendered, it is adjudged, ordered, and decreed that the plaintiff's bill be dismissed, and that the plaintiff pay to the defendant, Abram Spencer, his costs in the said Circuit Court.

REVERSED. DISMISSED.