ROCKECHARLIE

*v.*

ROCKECHARLIE *et al.*

(*Supreme Court of Appeals of Virginia, March 17, 1898.*)

[29 S. E. Rep. 825.]

Contracts—Specific Performance—Burden of Proof of Contract—Evidence of.*

In a suit for specific performance of an agreement, the burden is upon the complainant to prove the same by clear and distinct evidence; and where the evidence is not only unsatisfactory and insufficient, but the agreement is one the defendant was unlikely to make, the bill should be dismissed.

Appeal from corporation court of Lynchburg.

Bill by W. P. Rockecharlie against Vincent Rockecharlie and others for specific performance. Decree for defendants, and complainant appeals. Affirmed.

*T. J. & F. S. Kirkpatrick,* for appellant.

*Wilson & Manson,* for appellees.

RIELY, J., delivered the opinion of the court.

The first question to be determined is whether or not the contract which it is sought to have enforced was proved.

*See foot-note to Griffin *v.* Cunningham, 19 Gratt. 571 (Va. Rep. Anno.); foot-note to McComas *v.* Easley, 21 Gratt. 23 (Va. Rep. Anno.).

Vincent Rockecharlie, the father of the complainant, was a member of the Knights of Honor, and as such member held a benefit certificate of the order for $2,000, payable at his death to his wife, Martha Catherine Rockecharlie and their children, one of whom was the plaintiff, W. P. Rockecharlie.

Martha Catherine Rockecharlie died in 1879, and Vincent Rockecharlie married again in 1882.

The bill alleges that Vincent Rockecharlie, being unable to pay the assessments for the benefit fund of the order, agreed with the plaintiff, in the year 1880, that, if he would pay them, he might have the certificate above referred to, and receive the benefit thereof when it matured, at his father's death.

It then avers that the complainant paid the assessments from 1880 to 1885, when he learned that his father, in fraud of his rights, had caused the certificate to be changed and made payable to his second wife, Sallie Rockecharlie ; that, upon discovery of the fraud practiced on him by his father, he refused to continue to pay the assessments, unless his name was substituted in the certificate as the beneficiary instead of that of Sallie Rockecharlie ; that his father yielded to his demand, and caused this to be done ; and that he thereupon resumed payment of the assessments until March 1, 1895, when he was informed by the officer whose duty it was to receive payment of the assessments that the name of the beneficiary had been changed, and a new certificate issued in the name of Watkins L. Moorman, trustee for Sallie Rockecharlie.

The object of the bill was to compel specific performance of the alleged agreement, and to have the certificate for the benefit of Moorman, trustee as aforesaid, canceled, and a new certificate issued by the Knights of Honor, with the name of the complainant inserted as the sole beneficiary.

Vincent Rockecharlie answered the bill, and denied the alleged agreement and all charges of fraud, and stated that he turned over to his son the said certificate, and also one for the

same amount of the American Legion of Honor, under an agreement that new certificates might be issued in his son's name, to be held by him as security for all assessments that he should pay, the father being unable at that time, from misfortune in business, to pay them and the son agreeing to do so for him.

The issue was thus squarely made by the pleadings whether the agreement was that the certificate in controversy was to be the absolute property of the son or only to be held by him as security for the assessments he might pay.

It was essential to the relief sought that the complainant should establish the agreement alleged in the bill. Being denied by the answer, upon him devolved the burden of proof. Only three witnesses testified as to the nature of the agreement,—the son and complainant, W. P. Rockecharlie ; the father, Vincent Rockecharlie ; and one Joseph B. Page.

The testimony of Vincent Rockecharlie was first taken. He denied positively the agreement alleged in the bill, and stated that the certificate which is the subject of this controversy, and also the certificate of the American Legion of Honor, were both turned over to the complainant at the same time, with the understanding that he would pay the assessments, and that new certificates might be issued for his benefit, to be held by him as security for the assessments which he might pay until their amount was repaid to him, when he was to return the certificates.

He further deposed that three of his fellow members, whose names he gave, offered to pay for him to the complainant the assessments the latter had paid, in order that new certificates might be issued, upon which they would keep up the assessments for the benefit of his second wife and her children and his deaf and dumb son ; but that, on applying to the complainant for the amount of the assessments he had paid, he refused to return the certificates, and informed the defendant that he

had nothing to do with them ; that the complainant had delivered them to a Mrs. Fisher, who paid the assessments.    It was thereupon, as he testified, that he had the certificate of the Knights of Honor changed, and the name of Watkins L. Moorman, trustee for Sallie Rockecharlie, inserted as the beneficiary, Moorman having agreed to keep up the assessments for him, but let the certificate of the American Legion of Honor remain with the complainant named as the beneficiary, that he might suffer no loss from having paid the assessments.

When the complainant came to testify, he still insisted, as he had alleged in his bill, that his father made an absolute gift to him of the certificate of the Knights of Honor, if he would pay the assessments, but wholly refrained from any allusion to the certificate of the American Legion of Honor ; and it was only by implication that he denied the contention of his father that both certificates were turned over to him upon the condition that he would return them when he was reimbursed the assessments he had paid.    He did not do so expressly, and ignored entirely the testimony of his father touching the application to him for the amount of the assessments he had paid, in order that the friends of the father might reimburse the complainant, as they had offered to do.

The evidence of the witness Page does no more than tend to establish the fact that the father, in obedience to the requirement of the son upon his promise to pay the assessments, had caused the certificate in question to be made out in favor of his son.    This was not denied by Vincent Rockecharlie, but admitted in his answer.    But upon the point at which the father and the son were at issue, whether the certificate was to be held by the son as his absolute property or only as security for the assessments he might pay, the evidence of this witness sheds no satisfactory light, and is wholly insufficient to turn the scales between the respective contentions of the father and the son. The agreement sought to be enforced by the bill was not so proved as to invoke the extraordinary jurisdiction exercised by

courts of equity in decreeing specific performance of contracts under special circumstances.

It is settled by a long course of decisions that the specific performance of a contract by a court of equity is not a matter of absolute right, but rests in a sound judicial discretion. The contract, to be specifically enforced, must not only be certain and definite in all its parts, equitable and free from fraud, misapprehension, or mistake, but its terms or provisions must be clearly and distinctly proved. If this be not done, equity will not exercise its extraordinary jurisdiction to enforce it. 2 Minor, Inst. (2d Ed.) 786 : Anthony v. Leftwich, 3 Rand. 238 ; Pigg v. Corder, 12 Leigh, 69 ; McComas v. Easley, 21 Grat. 23 ; Railroad Co. v. Lewis, 76 Va. 833 ; Darling v. Cumming's Ex'r, 92 Va. 521, 23 S. E. 880 ; Haskin v. Insurance Co., 78 Va. 700 ; Colson v. Thompson, 2 Wheat. 336 ; Hennessy v. Woolworth, 128 U. S. 438, 9 Sup. Ct. 109 ; and Dalzell v. Manufacturing Co., 149 U. S. 315, 13 Sup. Ct. 886.

The evidence relied upon by the complainant to prove that the agreement was according to his contention was not only unsatisfactory and insufficient, but the agreement as claimed by him was not one which Vincent Rockecharlie would be likely to make, under the circumstances. He was a poor man, with a dependent family to support, including a son who was deaf and dumb.

The Knights of Honor and also the American Legion of Honor are benefit societies, organized for fraternal and benevolent objects, chief among which is to furnish to the working classes and men of moderate or small incomes a cheap and simple substitute for life insurance. A principal object of Vincent Rockecharlie in becoming a member of those orders would naturally be to make provision after his death for those dependent on him. It would not be reasonable for him to give both certificates to a son already established in business, as was the case with the complainant, upon his promise to pay the assessments, to

the absolute exclusion of the helpless members of his family, and surrender all that he had paid to secure provision for them after his death.

The complainant did not admit that either of the certificates was to continue for the benefit of even his helpless brother along with himself, as would have been the case after the death of their mother, but claimed that he was to be the sole beneficiary.

The agreement, as contended for by the complainant, is not one which commends itself to the favorable consideration of a court of equity, and would not be enforced unless clearly proved.

As the answer of Vincent Rockecharlie admits that both certificates were to be held by the complainant as security for the assessments he might pay, a question would arise as to whether their amount should not be ascertained and allowed him, if it were not for the fact that Vincent Rockecharlie died during the pendency of the cause in the court below, leaving the certificate of the American Legion of Honor for $2,000 with the complainant designated as the sole beneficiary, which was more than ample to reimburse him for all payments he had made on account of both certificates.

It being our conclusion that the agreement, which the complainant by his bill sought to enforce, was not sufficiently proved, this renders it unnecessary to pass upon other important questions discussed in the briefs and oral argument.

We are of opinion that the corporation court did not err in dismissing the bill of the complainant, and its decree must be affirmed.

CARDWELL, J., absent.