# Richmond.

## TIDEWATER RAILWAY CO. v. HURT.

### January 14, 1909.

### Absent, Cardwell, J.

1. EQUITY PLEADING — *Demurrer Sustained—Amendment—Effect.*—
When a demurrer to a bill in equity is sustained, with leave to
the complainant to amend, if he exercises the privilege, he can-
not afterward be heard to object to the decree on the original
bill.

2. RAILROADS—*Contract for Right of Way—Recital—Contract to Con-
struct.*—A contract between a railroad company and a land
owner for the purchase of a right of way, and which, by way of
preamble and inducement, recites the purpose of the railroad
company to build a road between two designated points, or sec-
tions, is not a contract or covenant on the part of the railroad
company to build a railroad, but, if the land is sufficiently desig-
nated and the price fixed, is a valid and enforceable contract for
the sale of the land described. The statute requires an effort to
make such a contract before the company can condemn, which
would be a useless ceremony if the contract, when made, could
not be enforced.

3. SALES—*Essentials of Valid Contract.*—A written contract of sale
which contains within itself a description of the thing sold, by
which it can be known or identified, of the price to be paid for
it, of the party who sells it and the party who buys it, contains
all the requisities of a valid written contract of sale.

4. RAILROADS—*Contract for Right of Way—Recitals—Contract to Con-
struct Road—Specific Performance.*—The recital, in a contract
between a railroad company and a land owner for the purchase
of a right of way, that the company proposes to build a railroad
"from the West Virginia line, at or near New River, through
Southern Virginia to tidewater," constitutes only an inducement
to the contract, the truth or falsity of which would exert proper

influence with the court in exercising its discretion in granting or refusing specific performance, but does not impair the force or effect of the contract where the recital is made in good faith and is true.

5. CONTRACTS—*Conditions Precedent—Performance.*—A plaintiff will not be required to perform his contract if it is not a condition precedent before he can call on the defendant to perform his, which alone can secure the plaintiff in the rights he acquired under the contract.

6. SPECIFIC PERFORMANCE—*Part Performance—Fraud.*—A court of equity will decree the specific performance of a written contract for the sale of real estate at the instance of a purchaser who has partly performed the contract under circumstances which affect the conscience of the vendor, and where a failure on his part to carry out the contract would operate a fraud on the purchaser's rights.

Appeal from a decree of the Circuit Court of Pittsylvania county. Decree for the defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*Robertson, Hall & Woods,* for the appellant.

*Caskie & Coleman,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

The appellant, the Tidewater Railway Company, assigns error to the action of the circuit court sustaining the demurrer to the original bill. But the rule is well settled, that when a demurrer to a bill is sustained, with leave to the plaintiff to amend, if the plaintiff exercises that privilege, he cannot afterward be heard to object to the decree on the original bill. *Fudge* v. *Payne,* 86 Va. 303, 10 S. E. 7; *Connell* v. *Railway Company,* 93 Va. 44, 24 S. E. 467, 32 L. R. A. 792, 57 Am. St.

Rep. 186; *Brickhead.* v. *Railway Company,* 95 Va. 648, 29 S. E. 678.

This appeal, therefore, only calls for a review of the decree dismissing on demurrer the amended bill.

The material allegations of that bill are as follows: That the appellee, John L. Hurt, being the owner of 2,000 acres of land on the waters of Staunton river, in Pittsylvania county, entered into a contract in writing with the appellant, whereby he agreed, in consideration of $800 and the further consideration of the adoption by the appellant as the location for its proposed railway, or a branch thereof, a line crossing appellee's land, to sell and convey to appellant a strip of land for right of way 100 feet wide, with such additional land contiguous thereto as might be required for slopes of cuts and other designated purposes, containing 6.5 acres; that appellant was allowed 90 days from the date of the contract within which, at its option upon notice in writing of such intention, to demand a deed to the land in controversy; that, at the date of the contract, appellant had adopted as the location for its railroad a line crossing Hurt's land, and was actually engaged in the construction of the proposed road from the West Virginia line, at or near New River, through Southern Virginia to Tidewater; that the entire line of railway at that time had been let to contract, and was then being constructed, a large part of the work thereon having been completed; that the contract was made subject to the approval and acceptance of appellant's general manager, and had been accepted by him; that Hurt was duly notified of such acceptance, and a conveyance of the land was demanded; that the appellant had been put in possession of the land by Hurt, and with his knowledge and consent had made valuable improvements thereon, and had expended large amounts of money in the construction of its railroad over and through the same; that the taking possession of the land, and the making of valuable improvements upon it were done pursuant to the contract

of purchase, and appellant has so far executed the contract that failure on Hurt's part to carry it out would operate a fraud upon its rights; that the appellant has always been ready and willing to consummate the agreement, and had demanded the deed called for by the contract, offering to pay for the land the agreed price of $800—"and hereby offers to specifically perform said contract." Yet said Hurt refused and still refuses to convey the 6.5 acres of land in accordance with the terms of his contract.

The circuit court was of opinion that the introductory recital, "whereas, the party of the second part proposes to build a line of railway from the West Virginia State line, at or near New River, through Southern Virginia to Tidewater," was the chief inducement and principal consideration for the contract; that "courts of equity do not entertain bills for specific performance of contracts to build railroads and other works of improvement which require the exercise of skill and discretion in construction and the expenditure of large sums of money which it may be impossible to obtain;" and consequently the agreement was lacking in mutuality of remedy and a bill for its specific execution could not be maintained.

We cannot concur in that interpretation of the contract. Obviously, the paragraph quoted was merely by way of preamble and inducement, but does not constitute a covenant between the appellant and appellee that the former will build such a line of railroad. The covenants found in the body of the instrument are simple in character and reciprocal, specific and definite in terms. As remarked, they impose upon the appellant the obligation to locate the main line, or a branch of the proposed road, through the appellee's land; and the appellant is given the period of ninety days from the date of the contract at its option to demand a deed to the 6.5 acres of land: and, upon the execution by the appellee of a proper deed, to pay him $800, the purchase price of the land.

The agreement measures fully up to Mr. Justice Miller's definition of the requisites of a valid written contract of sale. It "contains within itself a description of the thing sold, by which it can be known or identified, of the price to be paid for it, of the party who sells it, and the party who buys it." *Grafton* v. *Cummings,* 99 U. S. 100, 106, 25 L. Ed. 366.

The amended bill distinctly alleges the performance by the appellant of the first of the foregoing requirements, also the giving of the required notice of its intention to demand the deed, and appellant's readiness to pay the purchase money upon the execution and delivery thereof by the appellee. Under such circumstances, there can be no possible obstacle in the way of specific performance of the contract. Indeed, the effort of the company to acquire the property for its uses by contract is made a condition precedent to the exercise of the power of eminent domain; and only in the event of inability to agree upon price or terms with the owner could the appellant resort to condemnation proceedings. Va. Code, 1904, sec. 1105-f, cl. 20. The legislature would not have imposed upon the appellant the useless ceremony of entering into a contract which could not be enforced.

At most, the prefatory language in regard to building the railroad was only a representation, an inducement to the contract, the truth or falsity of which would exert proper influence with the court in exercising a discretionary jurisdiction in the matter of granting or refusing specific performance. In this instance, the verity and good faith of the representation is established, so far at least as the demurrer is concerned, by the allegations, which may be here repeated, that at the date of the contract the appellant "was actively engaged in the construction of its proposed line of railway from the West Virginia line, at or near New River, through Southern Virginia to Tidewater; that its entire line of railway at that time had been let to contract, and was then being constructed, a large part of the work thereon having been completed."

The pretension of the appellee involves the sophism, that the appellant cannot acquire the right of way until it builds its railroad, and cannot build its railroad until it acquires the right of way.

"Surely plaintiff will not be required to perform its contract which is not a condition precedent before it can call on defendants to perform theirs, which alone can secure plaintiff in the rights it acquired under the contract." *Minneapolis & St. L. Ry. Co.* v. *Cox,* 76 Iowa, 306, 41 N. W. 24, 14 Am. St. 216.

There is still another view of the case in which the appellant is entitled to prevail. The amended bill alleges part performance of the contract by the appellant, under circumstances which affect the conscience of the appellee, and his failure to carry out the contract would operate a fraud upon appellant's rights. *Lester* v. *Lester,* 28 Gratt. 737; *Stokes* v. *Oliver,* 76 Va. 72, 82.

It follows from these views that the decree appealed from must be reversed, and the case remanded for further proceedings.

*Reversed.*