## Wytheville.

### SMITH AND OTHERS V. MULLEN AND OTHERS.

#### June 13, 1912.

#### Absent, Cardwell and Whittle, JJ.

1. SPECIFIC PERFORMANCE—*Vague Description of Land—Certainty of Contract.*—A court of equity will decline to interfere to enforce a contract for the sale of land which is vague and indefinite in its description of the land sold. The agreement sought to be enforced must not only be clearly proved; it must be certain and definite in all its parts. Its terms must be sufficiently precise to obviate any reasonable misunderstanding of their import.

2. DEEDS—*Uncertain Description—Practical Location of Lines by Parties.*—Where the description of land is vague and indefinite in the deed conveying it, but the vendor and vendee go upon the land at the time of the conveyance, and, in the presence of witnesses, designate the lines and corners of the land intended to be bought and sold, and both of them express themselves as satisfied with the lines and corners indicated, and with the body of land embraced within those limits, and the purchaser enters and encloses the land upon the lines thus indicated by the parties, and renders certain that which was left uncertain by the deed, the purchaser and those claiming under him will not be permitted, after the lapse of sixteen years, and when the rights of other persons have intervened, to question such practical location, on the ground that the acreage is less than that called for by the deed.

Appeal from a decree of the Corporation Court of the city of Fredericksburg. Decree for the complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*Alvin T. Embrey,* for the appellants.

*Carter & Carter,* for the appellees.

HARRISON, J., delivered the opinion of the court.

It appears from the record that prior to 1891 William Merrill owned a farm in King George county, known as "Clifton," containing about four hundred acres; that on the 16th day of February, 1891, he entered into a contract in writing with Letcher Washington, by which he agreed to sell the latter forty acres, more or less, of this farm. The only description contained in the contract of the land sold is "forty acres of land, more or less, said land being part of 'Clifton,' and adjoining the lands of Alexander Pratt and 'Belvidere.'" The contract does not clearly show what the aggregate purchase price was, but it is conceded that it was $200. No survey of the land sold to Washington was made, but the evidence shows that the parties went upon the ground at the time of the sale, and agreed upon the lines and corners.

Merrill, the vendor, died about 1896, and a suit in equity was instituted in the circuit court of King George county to settle up his estate. At that time Letcher Washington had made payments on his purchase sufficient to reduce the balance due from him on the land to $109.34, which sum he paid to the administrator of William Merrill, and filed his petition in the pending chancery suit, setting up his purchase from Merrill under the contract of February 16, 1891, alleging the payment of the purchase money, and asking that a commissioner might be appointed to make him a deed. By decree of October 10, 1896, J. E. Mason, commissioner appointed for the purpose, was directed to "convey the said forty acres of land, with special warranty, to the said Letcher Washington." By this same decree the sale of the "Clifton" farm, which had been sold by order of the court, was confirmed to the purchaser, Galen R. Smith, "after deducting the forty acres purchased from William Merrill, during his lifetime, by Letcher Washington." By deed of November 10, 1896, Mason, commissioner, conveyed to the purchaser "Clifton" farm, "containing, by estimation, after deducting the aforesaid purchase of Letcher Washington, three hundred and sixty acres, be the same more or less." Commissioner Mason did not make the deed, as directed, to Letcher Washington, and, by deed of November 1, 1898, C. H. Ashton, substituted commissioner, conveyed

to Washington "the said tract of land of forty acres, lying and situate in the county of King George, and formerly a part of what is known as 'Clifton' farm, and which adjoins and is bounded by other land of the said Washington, the land of J. H. Carpenter, and of J. M. Branigan, the 'Belvidere' farm, and the residue of the 'Clifton' farm."

In March, 1899, a final decree was entered in the cause, settling up the Merrill estate, and it was dismissed from the docket.

By deed, dated June 10, 1904, Letcher Washington conveyed this land to the appellee, James B. Mullen, describing it as a certain tract or lot of land conveyed to him by C. H. Ashton, commissioner, and giving practically the same description given in the deed from the commissioner to him. By deed of February 22, 1901, the appellant, Galen R. Smith, conveyed, by metes and bounds, courses and distances, to the appellant, J. H. Carpenter, 19.68 acres, it being part of the Clifton farm purchased by the grantor from the court. This conveyance is bounded by the Washington purchase on the upper side and the rear. In April, 1907, some sixteen years after Washington's purchase, Mullen, his grantee, had the land surveyed for the first time, and found that, instead of forty acres, the Washington tract only contained 31.66 acres, a difference of 8.34 acres. Thereupon Mullen, the appellee, instituted this chancery suit in the Circuit Court of King George county, alleging that he was entitled to forty acres of land by virtue of his purchase from Washington, and asking that the court decide and determine the definite location of such forty acres of land, and that the deed from Ashton, commissioner, to Washington, and the deed from Mason, commissioner, to the appellant, Smith, be reformed, so as to make them fix definitely the boundary of his said land.

The judge of the Circuit Court of King George county being so situated as to make it improper for him to hear and decide the cause, it was, by order entered May 5, 1908, removed to the Corporation Court of the city of Fredericksburg, to be there heard and determined.

Since the institution of this suit, the appellee, James B. Mullen, has, by deed dated December 16, 1909, conveyed the land purchased by him from Letcher Washington to Charles T. Purks, who has

filed a petition herein, setting up his rights as the grantee of Mullen, and asking that those rights be protected.

By decree of May 9, 1911, the Corporation Court of the city of Fredericksburg held that the appellee, James B. Mullen, was entitled to the relief prayed for by him, and directed a surveyor, as special commissioner appointed for the purpose, to go upon the land and, in accordance with the plat and survey made and filed by James B. Mullen with his bill, to run the lines so as to include in the Washington or Mullen tract forty acres. The result of this order was to carve out of the tract of 19.68 acres owned by J. H. Carpenter 8.34 acres, in the shape of a triangle, which was added to the Mullen tract of 31.66 acres, thereby completing the forty acres claimed by Mullen. The report of the surveyor and commissioner carrying out these directions of the court was, over the objection of the appellants, confirmed by decree of July 11, 1911. From these two decrees this appeal has been taken.

In his bill the plaintiff, Mullen, admits that no survey of the land sold to Washington was ever made. It is not controverted that Washington's purchase was an undefined portion of a four-hundred-acre tract, with nothing in the contract to distinguish it from any other portion of the "Clifton" farm, except that it joined Alexander Pratt and "Belvidere," two other large farms adjoining "Clifton." The decree of the Circuit Court of King George county directing a deed to be made to Washington, and the deed made in pursuance of that decree, are as indefinite in description of the land as the contract in pursuance of which they were made. It would be impossible to locate the land intended to be sold by the description thereof in either the contract, the decree, or the deed. There is no evidence by which either the Circuit Court of King George or the Corporation Court of the city of Fredericksburg could have told what lines to run in order to cut off Washington's forty acres. The action of the Corporation Court was purely arbitrary. It could as easily have decreed that Mullen's back line be moved west to include forty acres as to decree, as it did, that his side line and his back line be pulled out in a northerly direction until forty acres were embraced, without anything to show that Merrill and Washington, the original vendor and vendee, ever contemplated any such figure of land or location of lines. It

is clear that the contract set up in the bill and attempted to be proved is so vague and indefinite in its description of the land sold that it cannot be enforced by a court of equity. The agreement sought to be enforced must not only be clearly proved; it must be certain and definite in all its parts. Its terms must be sufficiently precise to obviate any reasonable misunderstanding of their import, and if they be vague and uncertain a court of equity will decline to interfere to enforce it. *Railroad Co.* v. *Lewis*, 76 Va. 833; *Tidewater Ry. Co.* v. *Hurt*, 109 Va. 204, 63 S. E. 421.

In *Westfall* v. *Cottrills*, 24 W. Va. 763, a contract to sell and convey "forty acres off the Spring Fork end of my tract of one hundred and forty-seven acres on Beach Fork, in Calhoun county," was held to be too vague and indefinite to be specifically enforced.

In *Blankenship* v. *Spencer*, 31 W. Va. 510, 7 S. E. 433, "sixty-seven and a half acres, being the lower end of a larger tract," was held to be an insufficient description of the land sold for it to be enforced.

In the case of *Butcher* v. *Creel's Heirs*, 9 Gratt. (50 Va.) 201, C conveyed to B five acres of land, including a mill and a saw-mill; "reserving to himself the right to build or erect a saw-mill on the opposite side of the said river, or at the further end of the dam of the aforesaid saw and grist mill." It was held that there was no such certainty in the description of the land intended to be excepted out of the conveyance as to withdraw it from the operation of the deed.

In *Virginia Iron, Coal & Coke Co.* v. *Crane's Nest C. & C. Co.*, 102 Va. 405, 46 S. E. 393, where it appeared that the contract described no definite boundary, but called for "a certain piece of land lying on Sandy Ridge, in Wise county, Va., say forty or fifty acres, more or less," out of a larger boundary, it was conceded that the contract was void for uncertainty in its description of the land referred to. See also *Barnes* v. *Hustead*, 219 Pa. 287, 68 Atl. 839; *Hamilton* v. *Harvey*, 121 Ill. 469, 13 N. E. 210, 2 Am. St. Rep. 119; *Robertson* v. *Lewis*, 64 N. C. 734; *Rampke* v. *Buchler*, 203 Ill. 384, 67 N. E. 796.

In the cases cited the contracts were held unenforceable because the description of the subject matter was too vague, indefinite, and uncertain to be enforced. The contract, decree, and deed

under which Mullen and Purks claim, in the case before us, is not more certain, definite, and specific in its identification of the land intended to be sold than in the cases cited.

The evidence shows that at the time of the sale by William Merrill to Letcher Washington, in February, 1891, the parties went upon the land, and, in the presence of witnesses, designated the lines and corners of the land intended to be bought and sold, and that both expressed themselves as satisfied with the lines and corners then indicated, and with the body of land embraced within those limits; that during Washington's ownership of the land fences were built upon the lines thus indicated by the parties, and have been ever since maintained upon those lines and regarded as showing the true boundary of the land sold by Merrill to Washington. The parties, by this practical location, assented to by both, fixed their lines, which were left indefinite in the written contract, and although, as shown by the recent survey, made at the instance of Washington's grantee, the boundary contains less than the parties may have supposed, it is all that was definitely described as constituting the subject matter of the contract, and Washington and his alienees cannot at this late day question the result of such practical location, but must abide by it, as the only definite description of the land sold under the contract, the decree, and the deed relied on.

For these reasons, the decrees complained of must be reversed, and this court will enter such decree as the lower court ought to have entered, dismissing the original and amended bills filed by the appellee, James B. Mullen.

*Reversed.*